IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| Robert Louis Brown, | REPORT AND RECOMMENDATION |
| Plaintiff, | |
| v. | Case No. 2:19-cv-00403-DAK-CMR |
| Marriott International et al, | District Judge Dale A. Kimball |
| Defendants. | Magistrate Judge Cecilia M. Romero |

This matter is referred to the undersigned in accordance with 42 U.S.C. § 636(b)(1)(B) (ECF 2). Before the court is Defendant Marriott Hotel Services, Inc.'s (Defendant Marriott)[1] Motion to Dismiss (ECF 4) seeking dismissal of Plaintiff Robert Louise Brown's (Plaintiff) Complaint (ECF 1). Also before the court is Plaintiff's motion for mandatory withdrawal of Defendant Marriott's counsel James Moss (Mr. Moss) (ECF 7) and Plaintiff's motion for a settlement conference (ECF 10; ECF 13) (Plaintiff's Motions). Having carefully considered the parties' submissions, the undersigned RECOMMENDS that the court grant Defendant Marriott's Motion to Dismiss, deny Plaintiff's Motions, and impose filing restrictions on Plaintiff.

## I. BACKGROUND

### A. Prior Case

Plaintiff is a former employee of Defendant Marriott. In 2014, Plaintiff filed suit against Defendant Marriott in another case entitled *Brown v. Marriott Hotel Servs., Inc.*, No. 2:14-CV-

---

[1] Defendant Marriott has clarified that it was erroneously named as Marriott International in Plaintiff's Complaint and that its correct name is Marriott Hotel Services, Inc. (ECF 4, at 2).

00116-TC, 2014 WL 11353193 (D. Utah Oct. 22, 2014), before Judge Campbell (*Brown I*).[2] In that case, Plaintiff alleged that the termination of his employment with Defendant Marriott violated Title VII of the Civil Rights Act of 1964. Defendant Marriott moved to dismiss his complaint, and in response, Plaintiff moved for mandatory withdrawal of Mr. Moss. Judge Campbell ultimately dismissed Plaintiff's complaint with prejudice and denied Plaintiff's motion as meritless. The Tenth Circuit later affirmed the dismissal, *Brown v. Marriott Hotel*, 602 F. App'x 726 (10th Cir. 2015), and the U.S. Supreme Court denied certiorari, *Brown v. Marriott Hotel*, 136 S. Ct. 403, 193 L. Ed. 2d 321 (2015).

    **B.**    **Current Case**

On June 12, 2019, Plaintiff filed his Complaint (ECF 1) in the instant action against Defendants Marriott, Arne Sornsen, and Bill Marriot, Jr.[3] asserting a breach of contract claim arising from the termination of his employment.[4] On August 7, 2019, Defendant Marriott filed a Motion to Dismiss (ECF 4), arguing that Plaintiff's Complaint is subject to dismissal on the grounds of res judicata, the statute of limitations, and for failure to state a claim. Rather than file

---

[2] Defendant Marriott requests that the court take judicial notice of the proceedings in *Brown I* (ECF 5). The court finds that the proceedings in *Brown I* directly relate to the case at hand and therefore grants Defendant Marriott's unopposed request. *See Garcia-Rodriguez v. Gomm*, 169 F. Supp. 3d 1221, 1227 (D. Utah 2016) ("[A]lthough not obliged to do so, a court in its discretion may take judicial notice of publicly-filed records in [federal] court and certain other courts concerning matters that bear directly upon the disposition of the case at hand." (citation and internal quotation marks omitted)). Thus, consideration of proceedings in *Brown I* in resolving Defendant Marriott's Motion to Dismiss is appropriate. *See Hodgson v. Farmington City*, 675 F. App'x 838, 840–41 (10th Cir. 2017) ("[F]acts subject to judicial notice may be considered in a Rule 12(b)(6) notice without converting the motion to dismiss into a motion for summary judgment." (citation and internal quotation marks omitted)).

[3] Defendants Sornsen and Marriot, Jr., while named in the Complaint, have not been properly served. Plaintiff has filed no summons or proof of service as to these defendants.

[4] In its Motion to Dismiss, Defendant Marriott addresses the possibility that Plaintiff may have intended to assert additional claims in his Complaint (ECF 4, at 14–15). The court is unable to discern any other cognizable claim in the Complaint.

an opposition, Plaintiff filed a motion for mandatory withdrawal asserting that Mr. Moss should be disqualified from representing Defendant Marriott (ECF 7). Defendant Marriott filed an opposition (ECF 9), and Plaintiff thereafter filed a reply, which included a motion for a settlement conference (ECF 10). On November 12, 2019, Defendant Marriott notified the court that Plaintiff had failed to file a timely response to its Motion to Dismiss (ECF 11) and filed a request to submit this matter for decision (ECF 12). On November 14, 2019, over two months after the 28-day deadline to file an opposition, s*ee* DUCivR 7-1(b)(3)(A), Plaintiff filed his Response to the Motion to Dismiss in which he reiterated his request for a settlement conference (ECF 13).[5]

## II. DISCUSSION

### A. Defendant Marriott's Motion to Dismiss

#### 1. Res Judicata

Defendant Marriott argues that the claim asserted in Plaintiff's Complaint is barred under the doctrine of res judicata in light of the proceedings in *Brown I* (ECF 4, at 10–11). "The doctrine of res judicata prohibits litigation of certain claims based on the resolution of an earlier action between the same parties." *Reed v. McKune*, 298 F.3d 946, 950 (10th Cir. 2002). Res judicata applies when three elements exist: "(1) a final judgment on the merits in an earlier action; (2) identity of the parties in the two suits; and (3) identity of the cause of action in both suits." *MACTEC, Inc. v. Gorelick*, 427 F.3d 821, 831 (10th Cir. 2005). "If these requirements are met, res judicata is appropriate unless the party seeking to avoid preclusion did not have a full and fair opportunity to litigate the claim in the prior suit." *Id.* (citation and internal quotation marks omitted).

---

[5] Though untimely, the court considers Plaintiff's Response herein.

Here, the first element is satisfied because the dismissal of Plaintiff's complaint with prejudice in *Brown I* was a final adjudication on the merits.  The second element of identity of parties is also satisfied.  The only defendant in *Brown I* was Defendant Marriott.  The current case includes the addition of Defendants Sornsen and Marriot, Jr., which Plaintiff has identified as the "CEO" and "Owner" of Defendant Marriott.  Although the parties in the two suits are not identical, the parties are substantially in interest the same, given that they have been sued in their capacity as Plaintiff's employer in two suits involving the termination of his employment.  *See Lowell Staats Min. Co. v. Philadelphia Elec. Co.*, 878 F.2d 1271, 1274–75 (10th Cir. 1989)* (noting that application of res judicata requires "at a minimum, a substantial identity between the issues in controversy and showing the parties in the two actions are really and substantially in interest the same").

With regard to the third element, the Tenth Circuit "embraces the transactional approach to the definition of cause of action."  *Nwosun v. Gen. Mills Restaurants, Inc.*, 124 F.3d 1255, 1257 (10th Cir. 1997) (citation and internal quotation marks omitted).  This means that "a cause of action includes all claims or legal theories of recovery that arise from the same transaction, event, or occurrence" and that all such claims and theories "must therefore be presented in one suit or be barred from subsequent litigation."  *See id.*  Here, Plaintiff's discrimination claim in *Brown I* and his contract claim in this case arise out of the same transaction, namely, the termination of Plaintiff's employment with Defendant Marriott.  Therefore, despite the differing legal theories in Plaintiff's two suits, the third element of identity of cause of action is satisfied.  *See id.* ("It is immaterial that the legal basis for the relief sought in the two complaints is different; it is the occurrence from which the claims arose that is central to the 'cause of action' analysis.").

4

Finally, the court finds that Plaintiff had a full and fair opportunity to litigate his claims in *Brown I*. "A failure of this type is evidenced by a deficiency that would undermine the fundamental fairness of the original proceedings." *See id.* There is no indication that such a deficiency was present in *Brown I*.

In sum, the court finds that all elements of res judicata are satisfied and that Plaintiff's claim in the current case is therefore barred. Accordingly, the undersigned RECOMMENDS that the court GRANT Defendant Marriott's Motion to Dismiss (ECF 4) and that Plaintiff's Complaint be dismissed with prejudice.

      2.      <u>Failure to State a Claim</u>

Defendant Marriott argues in the alternative that Plaintiff's breach of contract claim is subject to dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim (ECF 4, at 12–13). To state a claim for breach of contract under Utah law, the plaintiff bears the burden to prove the following elements: (1) a contract; (2) the plaintiff's performance under the contract; (3) breach of the contract by the defendant; and (4) damages. *See Glob. Fitness Holdings, LLC v. Fed. Recovery Acceptance, Inc.*, 127 F. Supp. 3d 1176, 1187 (D. Utah 2015). Here, Plaintiff alleges that Defendant Marriott breached its conflict of interest policy in terminating his employment (ECF 1, at 2). Plaintiff attaches a conflict of interest policy and an employee welcome letter to his Complaint (ECF 1-1, at 3, 7). Defendant Marriott argues that none of these documents constitutes a valid enforceable contract. The court agrees that Plaintiff has failed to allege the existence of a contract and that his Complaint therefore fails to state a claim for breach of contract. Accordingly, Plaintiff's Complaint is subject to dismissal for failure to state a claim.

3. Statute of Limitations

Defendant Marriott also argues that Plaintiff's claim is subject to dismissal under the applicable statute of limitations (ECF 4, at 13–14). Because Plaintiff has failed to allege the existence of a written contract, the statute of limitations for Plaintiff's contract claim is four years. *See* Utah Code Ann. § 78B-2-307(1)(a) (2016) ("An action may be brought within four years . . . upon a contract . . . not founded upon an instrument in writing."). Plaintiff filed his Complaint in 2019, more than four years after his alleged termination in 2013 (ECF 1, at 2). Therefore, Plaintiff's claim is also barred by the statute of limitations.

B. **Plaintiff's Motion for Mandatory Withdrawal**

In support of his motion for mandatory withdrawal, Plaintiff makes a host of conclusory and at times undecipherable allegations of misconduct against Mr. Moss and Defendant Marriott (ECF 7; ECF 10). The allegations against Mr. Moss appear to center on his purported knowledge of Defendant Marriott's alleged conflicts of interest (ECF 7, at 1–2; ECF 10, at 1). Judge Campbell previously denied a similar motion in *Brown I*. As in *Brown I*, Plaintiff's allegations against Mr. Moss in this case do not warrant his disqualification as Defendant Marriott's counsel. Accordingly, the undersigned RECOMMENDS that the court DENY Plaintiff's motion for mandatory withdrawal (ECF 7).

C. **Plaintiff's Motion for Settlement Conference**

In his Response to Defendant Marriott's Motion to Dismiss, Plaintiff requests a settlement conference with all of the named defendants (ECF 13, at 1). Plaintiff also includes this request in his reply in support of his motion to disqualify Mr. Moss (ECF 10, at 1). It is improper to include motions in response or reply memoranda. *See* DUCivR 7-1(b)(1)(A). Plaintiff's request is thus procedurally deficient. Moreover, this request has been rendered moot

6

by the recommendations herein. Based on the recommendation that the Complaint be dismissed with prejudice, the undersigned RECOMMENDS that the court DENY Plaintiff's motion for settlement conference as moot (ECF 13).

### D. Defendant Marriott's Request for Sanctions

In its opposition to Plaintiff's motion for mandatory withdrawal, Defendant Marriott requests monetary sanctions against Plaintiff for failing to comply with procedural rules, filing repetitive lawsuits, and submitting improper documents (ECF 9, at 6). "To deter frivolous and abusive litigation and promote justice and judicial efficiency, the federal courts are empowered to impose monetary sanctions, by statutes and the rules of civil and appellate procedure as well as their inherent right to manage their own proceedings." *See Braley v. Campbell*, 832 F.2d 1504, 1510 (10th Cir. 1987). The court agrees that Plaintiff's conduct constitutes abuse of the court system. However, the court does not find that monetary sanctions are warranted. The court finds that the appropriate sanction in this case is to impose filing restrictions on Plaintiff.

Accordingly, the court recommends that Plaintiff be required to obtain prior approval from the court for any and all future lawsuits he wishes to file against Defendant Marriott or its employees, agents, and counsel, regardless of the date of the lawsuit, the date of the actions underlying the lawsuit, or the causes of action contained within the lawsuit. The court has determined that such a requirement is necessary to prevent Plaintiff from engaging in further abuse of the court system with respect to his dispute with Defendant Marriott.

### RECOMMENDATION

In summary, IT IS HEREBY RECOMMENDED that:

1. Defendant Marriott's Motion to Dismiss (ECF 4) be GRANTED and that Plaintiff's Complaint be dismissed with prejudice;

2. Plaintiff's motion for mandatory withdrawal (ECF 7) be DENIED; and

3. Plaintiff's motion for a settlement conference (ECF 13) be DENIED as moot.

IT IS FURTHER RECOMMENDED that Plaintiff be required to obtain prior approval from the court for any and all future lawsuits he wishes to file against Defendant Marriott or its employees, agents, and counsel.

## NOTICE

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within **fourteen (14) days** of being served with a copy, any party may serve and file written objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 24 February 2020.

*/s/ Cecilia M. Romero*
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah